Kenneth B. Grimes (6555)
Attorney for Plaintiffs
400 South 480 East, Suite 203
Salt Lake City, Utah 84111
Telephone: (801) 359-4212
Email: *kglawyerslc@yahoo.com*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION
* * * * * * * * * * * * * * *

| | | |
|---|---|---|
| STEPHEN RICHARDS, TONY ERICKSEN  : | | COMPLAINT |
| CHAD BUNTING, RICHARD MARKER | | |
| CODY LEAMASTER, GARRET YATES, | | |
| IAN McKELVIE and TROY BONNER      : | | |
| as TRUSTEES OF THE UTAH SHEET | | |
| METAL WELFARE TRUST FUND, THE | | |
| UTAH SHEET METAL PENSION TRUST : | | |
| FUND; THE UTAH SHEET METAL | | |
| VACATION AND HOLIDAY FUND; | | |
| UTAH SHEET METAL EDUCATION      : | | |
| AND TRAINING FUND; UTAH SHEET | | |
| METAL MARKET RECOVERY FUND; | | |
| UTAH SHEET METAL CONTRACTORS : | | |
| INDUSTRY FUND and SHEET METAL | | |
| WORKERS LOCAL UNION NO. 312, | | |
|                                                                :        | | |
|             Plaintiffs,  | | |
|                                                                :        | | Magistrate Judge: Dustin B. Pead |
|                                              vs. | | |
|                                                                :        | | Case No. 2:18-cv-00898-DBP |
| SHEET METAL WORKS, INC. and | | |
| RALPH C. MONTRONE, individually,        | |   : |
|             Defendants. | | |

* * * * * * * * * * * * * * *

The above-named Plaintiffs, by and through their undersigned attorney, complain of Defendants and allege as follows:

PARTIES AND JURISDICTION

1. Plaintiffs Stephen Richards, Tony Ericksen, Chad Bunting, Richard Marker, Cody Leamaster, Garret Yates, Ian McKelvie and Troy Bonner are Trustees of the Utah Sheet Metal Welfare Fund and/or the Utah Sheet Metal Pension Trust Fund. Said Trustees are fiduciaries within the meaning of such term as used in the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Section 1001, et. seq.

2. The Plaintiffs Utah Sheet Metal Welfare Fund and Utah Sheet Metal Pension Trust Funds ("Trust Funds") are Employee Benefit Plans within the meaning of Section 3(1), (2) and (3) of ERISA, 29 U.S.C. Section 1002(1), (2) and (3) and Section 502 of ERISA, 29 U.S.C. Section 1132.

3. This action is brought by the above-named Trustees, as fiduciaries of the Trust Funds, to compel an employer payroll audit of the Defendants and to collect delinquent Trust Fund contributions in accordance with the terms and provisions of certain Labor Agreements and Trust Agreements entered into between Plaintiffs and Defendants, and 29 U.S.C. Sections 1109 and 1145 of ERISA.

4. The Plaintiff Trust Funds are administered within Salt Lake County, State of Utah.

5. Plaintiffs Utah Sheet Metal Vacation and Holiday Fund, Utah Sheet Metal Education and Training Fund, Utah Sheet Metal Market Recovery Fund, and Utah Sheet Metal Contractors' Industry Fund, are independent legal entities established pursuant to the terms of certain Labor Agreements and Trust Agreements to which said Plaintiffs and Defendants are signatory as alleged herein.

6. Plaintiff Sheet Metal Workers Local Union No. 312 ("Local Union No. 312"), is a labor organization within the meaning of 29 U.S.C. Section 152(5), with its principal place of business located in Salt Lake County, Utah.  Local Union No. 312 represents union members in Collective Bargaining Agreements with signatory employers operating and working within the State of Utah.

7. Defendant Sheet Metal Works, Inc. is a Utah Corporation with its principal place of business located within Salt Lake county, State of Utah.

8. Defendant Ralph C. Montrone is an individual and resident of Salt Lake County, State of Utah.

9. At all times material to this action, Defendant Ralph C. Montrone served as an owner and manager of Defendant Sheet Metal Works, Inc. and was responsible for the reporting and payment of contributions to Plaintiffs.  Defendants Sheet Metal Works. Inc. and Ralph C. Montrone are hereinafter collectively referred to as "Defendants."

10. Defendants are "Employers" within the meaning of such term as used is Section 3(6) of ERISA, 29 U.S.C. Section 1002(6).

11. The acts alleged herein occurred within Salt Lake County, State of Utah.

3

12. Plaintiffs are entitled to maintain this action, and jurisdiction and venue are proper by virtue of Section 502 of ERISA, 29 U.S.C. Section 1132(e)(2), which provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

13. Supplemental jurisdiction of any State law claims alleged herein is pursuant to 28 U.S.C. § 1367.

## GENERAL ALLEGATIONS

14. On February 22, 2013, Defendants executed a Short Form Agreement with Local Union 312 (the "Short Form Agreement"). A true and correct copy of the Short-Form Agreement is attached hereto as Exhibit "A" and incorporated by this reference.

15. Under the terms of the Short Form Agreement, Defendants became bound to the terms and conditions of a Collective Bargaining Agreement ("CBA") entered into between Local Union 312 and the Utah Sheet Metal Contractors' Association ("the Association"), and any renewal, extension or replacement CBAs.

16. Effective July 1, 2016, Local Union No. 312 and the Association entered into a replacement CBA, to which Defendants were bound at all times material to this action. A true and correct copy of said CBA is attached hereto as Exhibit "B" and incorporated by this reference.

17.     Pursuant to the terms of the Short Form Agreement and the CBA, Defendants became bound to the terms and conditions of the Trust Agreements relating to each of the Plaintiff Trust Funds.

18.     Under the terms of the Short Form Agreement, CBA and Trust Agreements, Defendants were (and are) obligated to submit monthly employer reports to the Plaintiffs, and to pay contributions to the Plaintiffs for all of its employees who engaged in covered work.

19.     Defendants have failed to submit all required monthly employer reports and/or to pay all fringe benefit contributions, as required under the Short Form Agreement, the CBA and the Trust Agreements.

20.     Pursuant to the terms of the Short Form Agreement, CBA and Trust Agreements, the Trustees are authorized to adopt any and all rules, regulations and policies that are reasonable for the operation of the Trust Funds.

21.     On August 31, 2016, the Trustees adopted a Restated Collections Policy, which provides, inter alia, for the assessment of Administrative Charges in the amount of $15.00 per day for each month in which an employer is delinquent in the payment of benefit contributions.  A true and correct copy of said Restated Collections Policy is attached hereto as Exhibit "C" and incorporated by reference.

22.     Pursuant to the terms of the Short Form Agreement, CBA and Trust Agreements, and 29 U.S.C.§ 1145 of ERISA, Plaintiffs are entitled to conduct an employer payroll audit of Defendants in order to determine the amount of

contributions that are due from Defendants to Plaintiffs for the period of January 1, 2017 through the present.

23. Written demand has been served upon Defendants for submission of all required monthly employer reports and/or payment of contributions. However, Defendants have failed to fully comply with said demand.

## FIRST CAUSE OF ACTION
### (Audit and Injunctive Relief)

24. All allegations of this Complaint are hereby incorporated by reference as if fully set forth.

25. Plaintiffs are entitled to an Order of the Court requiring that Defendants submit to a payroll audit and requiring that Defendants produce sufficient employment and business records to determine the amount of contributions that are owed to Plaintiffs for the period of January 1, 2017 through the present.

26. Pursuant to the terms of the Short Form Agreement, the CBA and the Trust Agreements, Plaintiffs are entitled to an award of their reasonable court costs, attorneys' fees, and audit fees incurred in obtaining and performing said payroll audit.

## SECOND CAUSE OF ACTION
### (Delinquent Contributions)

27. All allegations of this Complaint are incorporated by reference as if fully set forth.

28. Plaintiffs are entitled to a Judgment against Defendants for delinquent contributions in an amount to be determined through an employer payroll audit of Defendant's business and employment records, or through other sufficient evidence.

29. Pursuant to the terms of the Short Form Agreement, the CBA, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2), Plaintiffs are entitled to judgment against Defendants for:

    (a)    The unpaid contributions to the Trust Funds;

    (b)    Prejudgment interest on the unpaid contributions at the rate of 12% per annum.

    (c)    Liquidated damages in an amount equal to 20% of the unpaid contributions.

    (d)    Reasonable attorneys' fees and cost of suit.

### THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

30. All allegations of this Complaint are incorporated by reference as if fully set forth.

31. Defendant Ralph C. Montrone, acting in his capacity as an owner and manager of Defendant Sheet Metal Works, Inc., assumed a fiduciary duty to the Plaintiffs, which required, inter alia, that he submit timely and/or accurate employer reports and contributions to Plaintiffs.

32. Defendant Ralph C. Montrone breached his fiduciary duty to Plaintiffs, by failing to submit timely and/or accurate employer reports and contributions to Plaintiffs.

33. Based upon his breach of fiduciary duty to Plaintiffs, Defendant Ralph C. Montrone is personally liable to Plaintiffs for all amounts which are owed to Plaintiffs

by Defendant Sheet Metal Works, and for Plaintiffs' reasonable costs and attorney fees in recovering such amounts, pursuant to 29 U.S.C. Section 1109 of ERISA.

## FOURTH CAUSE OF ACTION
**(Administrative Charges)**

34. All allegations of this Complaint are incorporated herein by reference as if fully set forth.

35. Plaintiffs are entitled to a Judgment against Defendants for Administrative Charges based upon Defendant's delinquent payment of contributions pursuant to Plaintiffs' Restated Collections Policy (Exhibit "C" hereto) in an amount to be established through admissible evidence.

DATED this 14th November, 2018.

/s/ Kenneth B. Grimes
Attorney for Plaintiffs

Plaintiffs' Address:
480 East 400 South, Suite 203
Salt Lake City, Utah  84111